IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DIPPIN' DOTS, INC., et al., | |
| Plaintiffs, | |
| v. | CIVIL ACTION FILE NO. 3:96-CV-1959-L |
| THOMAS R. MOSEY, et al., | |
| Defendants. | |

## ORDER AND OPINION

This is an action for patent infringement. Following a jury trial on the issue of invalidity, it is before the Court on the Manufacturing Parties' Motion for Attorneys' Fees under the Clayton Act [Doc. 936]. For the reasons set forth below, the motion is granted.

## I. BACKGROUND

This action was filed by Plaintiffs Dippin' Dots, Inc. ("Dippin' Dots"), and its founder, Curt Jones. Dippin' Dots is an Illinois corporation with its principal place of business in Paducah, Kentucky. Dippin' Dots is engaged in the business of manufacturing and distributing flash frozen novelty ice cream. The Defendants in this action are engaged in either the manufacture ("Manufacturing Parties") or

distribution ("Distribution Parties") of a competing flash frozen novelty ice cream product known as Frosty Bites.

As part of their response to the Plaintiffs' claims, the Manufacturing Parties filed antitrust counterclaims against the Plaintiffs. The Manufacturing Parties brought their antitrust claims based on the theory of Walker Process fraud. In October 2003, a jury trial was held in this case. The jury found for the Manufacturing Parties on every element of the antitrust counterclaim, although the jury awarded no monetary damages. (Jury Verdict, p. 3-4.) Pursuant to the jury's findings, the Manufacturing Parties filed this motion for attorneys' fees.

## II. STANDARD

Section four of the Clayton Act provides that "any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor . . . and shall recover threefold the damages by him sustained, and the cost of the suit, including a reasonable attorney's fee." 15 U.S.C. § 15(a). A violation of the antitrust laws is, by itself, not enough to justify an award of attorneys' fees. Rather, an antitrust plaintiff must show that the violation of the antitrust laws caused an injury to its business or property, although the actual recovery of compensatory damages is not necessary. Sciambra v. Graham News, 892 F.2d 411, 415-16 (5th Cir. 1990). Once the antitrust plaintiff proves a violation of the antitrust

laws and the fact of damage, an award for attorneys' fees and costs is mandatory. Id. at 414; 15 U.S.C. § 15(a).

## III. DISCUSSION

In its verdict, the jury determined that the Manufacturing Parties had proven all of the elements of their antitrust counterclaim, including the fact of damage. (Jury Verdict, p. 3-4.) The Plaintiffs contend that the Manufacturing Parties are not entitled to an award of attorneys' fees because the jury did not give the Defendants a monetary award. (Id. at 4.) However, whether the jury awarded monetary relief is not dispositive with respect to an award of attorneys' fees under the Clayton Act. Rather, the issue is whether the Plaintiffs' antitrust violations caused damage to the business or property of the Defendants. Sciambra, 892 F.2d at 415 ("Our holding merely recognizes that the structure of section 4 and the fact of damage analysis make the actual recovery of compensatory damages irrelevant"). The jury answered that specific question in the affirmative, entitling the Manufacturing Parties to an award of attorneys' fees and costs of the suit. See also Kearney & Trecker Corp. v. Cincinnati Milacron Inc., 562 F.2d 365, 374 (6th Cir. 1977) (placing the defendant in the position of having to choose from ceasing competition, obtaining a license, or defending the suit, each of which would result in negative economic injury, is an injury to business or property).

The Plaintiffs contend that any award of attorneys' fees should be limited to the work attempting to prove an antitrust injury. However, proving the Walker Process counterclaim required establishing patent invalidity and fraud on the Patent Office. Nobelpharma AB v. Implant Innovations, Inc., 141 F.3d 1059, 1070 (Fed. Cir. 1998) (patentee who brings an infringement suit may be subject to antitrust liability for the anti-competitive effects of that suit if the alleged infringer proves that the asserted patent was obtained through "knowing and willful fraud"). This effort consumed the vast majority of attorney time for counsel for the Manufacturing Parties. The issues relating to infringement were so intertwined with the validity issues as to be inseparable. The Plaintiffs' argument is without merit.

Once the Court has determined that an award of attorneys' fees is proper, it must then determine what that award should be. The determination of reasonable attorneys' fees is a two step procedure under prevailing Fifth Circuit case law. First, the Court must determine the reasonable number of hours expended on the litigation, and the reasonable hourly rates for the services rendered. Louisiana Power & Light Co. v. Kellstrom, 50 F.3d 319, 324 (5th Cir. 1995). Next, the Court must multiply the reasonable hours by the reasonable rates. Id. "The product of this multiplication is the lodestar, which the district court then either accepts or adjusts upward or downward, depending on the circumstances of the case." Id.

With respect to the reasonable number of hours spent on the litigation, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Id. at 324. The documentation should be such that this Court cannot only determine whether the total hours claimed is reasonable, but also, whether particular hours claimed were reasonably expended. Id. at 325. Mr. Oake and Mr. Siegismund have submitted copies of their billing records and both have filed declarations which set out the number of hours expended on this litigation and the claims to which those hours were directed. After careful review of the declarations and supporting documents, this Court finds that the hours claimed were reasonable, especially considering the complexity and length of this litigation. The Plaintiffs have not asserted specific objections to any of the hours claimed as being unnecessary, redundant or lacking in billing judgment.

As for determining the reasonable rate to be charged for the services rendered, the Court is to consider the "attorneys' regular rates as well as the prevailing rates." Louisiana Power & Light, 50 F.3d at 328. When the rates requested by the attorneys are their regular rates, are within the range of prevailing market rates, and are not contested, such rates are "prima facie reasonable." Id. Mr. Oake and Mr. Siegismund have shown that their regular rates fell within the range of prevailing market rates, and the Plaintiffs did not contest that issue. Given that such rates are "prima facie

reasonable" and seeing no reason to adjust them, especially considering the complexity and length of this litigation, this Court determines that the rates requested by the Manufacturing Parties are the reasonable rates for the services rendered for prosecuting the antitrust counterclaim.

Having determined that the hours and rates requested by Frosty Bites Distribution are reasonable, the remaining step is to multiply the reasonable hours by the reasonable rates to come up with the reasonable attorneys' fee award. When the hours are multiplied by the appropriate rate, depending on the attorney billing the hours, and those products are added together, the total comes to $1,914,724.00.

After calculating the reasonable award of attorneys' fees and costs, a district court may consider adjustment of the lodestar based on the twelve factors from Johnson v. Georgia Highway Exp., Inc., 488 F.2d 714, 717-19 (1974). The party advocating an adjustment has the burden to prove that it is warranted. Louisiana Power & Light, 50 F.3d at 329. The Plaintiffs seek an adjustment to the lodestar based upon the failure of the jury to award any damages on the antitrust counterclaim. This is a reasonable and principled basis to seek an adjustment to the lodestar. On the other hand, the Manufacturing Parties also move for an award of attorneys' fees under the Patent Act. The Manufacturing Parties were totally victorious on their claims that the patent was invalid due to prior art, obviousness and inequitable conduct. There

is no basis for a reduction of the lodestar as to the successful invalidity claims. Therefore, any reduction of the lodestar here would result in an award of the same amount under the motion seeking fees under the Patent Act.

## IV. CONCLUSION

For the reasons set forth above, the Manufacturing Parties' Motion for Attorneys' Fees and Costs Under the Clayton Act [Doc. 936] is GRANTED. The Clerk is directed to enter a judgment in favor of the Manufacturing Parties and against the Plaintiffs in the sum of $1,914,724.00 with prejudgment interest from October 20, 2003.

SO ORDERED, this __4__ day of August, 2005.

*[signature]*
THOMAS W. THRASH, JR.
United States District Judge