IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DIPPIN' DOTS, INC., et al., | |
| Plaintiffs, | |
| v. | CIVIL ACTION FILE NO. 3:96-CV-1959-L |
| THOMAS R. MOSEY, et al., | |
| Defendants. | |

## ORDER AND OPINION

This is an action for patent infringement. At trial, the Defendant Frosty Bites Distribution, LLC ("Frosty Bites Distribution") prevailed on its antitrust counterclaim which necessarily required a finding of patent invalidity. The case is now before the Court on the Defendant's Motion for Attorney Fees and Costs Under the § 285 of the Patent Act [Doc. 923]. For the reasons set forth below, the motion is granted in part and denied in part. Frosty Bites Distribution is awarded an additional $253,898.06 in attorneys' fees and costs under the Patent Act.

### I. BACKGROUND

This action was filed by Plaintiffs Dippin' Dots, Inc. ("Dippin' Dots"), and its founder, Curt Jones. Dippin' Dots is an Illinois corporation with its principal place

of business in Paducah, Kentucky. Dippin' Dots is engaged in the business of manufacturing and distributing flash frozen novelty ice cream. The Defendants in this action are engaged in either the manufacture or distribution of a competing flash frozen novelty ice cream product known as Frosty Bites.

Jones filed his patent application in 1989. In 1987, Jones sold a free flowing, flash frozen ice cream product to consumers at the Festival Market Mall in Paducah, Kentucky. Jones did not disclose those sales to the Patent Office while prosecuting his patent. Evidence produced at trial showed that Jones and his attorney, Warren Schickli, argued to the Patent Office that Jones' method as described in the '156 patent application was the first to teach service of a flash frozen ice cream product while maintaining its free flowing quality. (Def.'s Trial Ex. 3, p. P0131-2.) The patent examiner agreed that no references in the disclosed prior art taught service of a free flowing, flash frozen product. Nevertheless, the examiner rejected Jones' application, on the grounds that serving the product in a free flowing state was obvious based on the prior art and the nature of the product being served. (Def.'s Trial Ex. 3, p. P0137-8.) In the end, however, based on objective evidence of commercial success, the Plaintiffs overcame the examiner's obviousness objection, and United States Patent No. 5,126,156 ("the '156 patent") was issued. In getting the

patent issued, Jones and Schickli made statements that were false in light of the evidence presented at trial about the Festival Market sales.

The Plaintiffs alleged that the Defendants' Frosty Bites product infringed the '156 patent. The Defendants denied infringement and alleged that the patent was invalid. In ruling upon the Defendants' Motions for Summary Judgment, the Court held that the Defendants' process did not infringe upon the Plaintiffs' patent because Defendants streamed their solution. Therefore, the dripping limitation of the '156 patent was not literally infringed. The Court also held that the Defendants do not literally infringe the '156 patent because their process produces a mixture of beads and irregularly shaped flash frozen ice cream. Finally, the Court held that there was no infringement under the doctrine of equivalents. As part of their response to the Plaintiffs' claims, the Distribution Parties filed antitrust counterclaims against the Plaintiffs. The Distribution Parties brought their antitrust claims based on the theory of <u>Walker Process</u> fraud. The Court held that there were issues of fact to be tried with respect to the Defendants' antitrust counterclaims and the invalidity claims.

In October 2003, a jury trial was held in this case. The jury returned a verdict in favor of the Defendants on their invalidity claims. The jury also found in favor of the Defendants on every element of their antitrust counterclaims, although the jury

awarded no monetary damages. (Jury Verdict, p. 3-4.) Pursuant to the jury's findings, the Court held that the patent was invalid for inequitable conduct.

## II. DISCUSSION

Frosty Bites Distribution seeks an award of attorney's fees under 35 U.S.C. § 285. The statute provides for such an award to the prevailing party "in exceptional cases." 35 U.S.C. § 285. Exceptional cases are normally those of bad faith litigation or those involving fraud or inequitable conduct by the patentee in procuring the patent. Zodiac Pool Care, Inc. v. Hoffinger Industries, Inc., 206 F.3d 1408, 1417 (Fed. Cir. 2000); Cambridge Prods., Ltd. v. Penn Nutrients, Inc., 962 F.2d 1048, 1050-51 (Fed. Cir. 1992). The jury's finding that Jones and his attorney committed fraud on the Patent Office compels a finding that this is an exceptional case which warrants an award of attorney's fees. The Court has considered "the closeness of the case, the tactics of counsel, the conduct of the parties, and any other factors that may contribute to a fair allocation of the burdens of litigation as between winner and loser." S. C. Johnson & Son, Inc. v. Carter-Wallace, Inc., 781 F.2d 198, 201 (Fed. Cir. 1986). None of these factors are sufficient to overcome the jury's finding of fraud on the Patent Office.

An award of attorney's fees must be reasonable. Duplicative fees are not reasonable. The Court has previously awarded the Frosty Bites Distribution

Defendants fees in the amount of $676,675.46 under the Clayton Act. The Defendants have not persuaded the Court that the current fee request does not duplicate at least in part the prior fee request. In their Reply Brief, the Defendants state that the vast majority of Alston & Bird's time after March 31, 2003, was spent on the antitrust claim. The Court has already awarded fees for that work. Therefore, the Court will grant the current motion only as to the $253,898.06 in fees for Arter & Hadden and Anderson, Kill & Olick.

### III. CONCLUSION

The Defendant's Motion for Attorney Fees and Costs Under the § 285 of the Patent Act [Doc. 923] is GRANTED IN PART AND DENIED IN PART. It is GRANTED in the amount of $253,898.06. It is otherwise DENIED.

SO ORDERED, this __4__ day of August, 2005.

THOMAS W. THRASH, JR.
United States District Judge